TYSON, Judge.
Douglas Ray Stevens was originally indicted for buying, receiving or concealing stolen property, sentenced to the penitentiary and thereafter placed on probation following his release from federal custody.
While on probation, new charges were brought against the appellant and the trial court set these matters for hearing after giving the appellant due notice of the nature of the charges, and the cause being continued twice in order to take testimony, the matter was then taken under submission.
I
We have carefully reviewed this record in light of the requirements of Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975) and authorities therein cited, and find that the requirements set forth were here observed except that the trial judge simply stated orally that he was revoking probation and did not comply with Armstrong v. State, supra, in that the trial judge failed to set forth a “written statement by the judge as to the evidence relied on and the reason for revoking parole”.
We therefore remand this cause to the trial court with directions to enter an appropriate order setting forth the reasons for revoking probation and that a supplemental record including such order be forwarded this court as soon as practical.
REMANDED WITH DIRECTIONS.
All the Judges concur.

On Return To Remand

TYSON, Judge.
On March 29, 1983, this court unanimously remanded this cause in order.that the trial court enter an appropriate written order, setting forth the reasons for revoking probation, and directing that a supplemental record including such order be forwarded to this court.
The return as directed has been filed showing that the appellant entered his plea of guilty after conferring with his counsel and the trial judge declared appellant’s probation to be delinquent and entered the following order in writing: (Supplemental transcript R. 1 and 2).
“The final judgment declaring the defendant’s probation delinquent, and ordering the sentence served in this case, is hereby amended as follows:'
“On July 12, 1982 this Court, after hearing the evidence orally, entered an order declaring the probation of the defendant herein delinquent, and ordering the sentence of the Court executed. The defendant was represented by his employed attorney, and the State of Alabama was represented by its District At *1186 torney of this Circuit. After hearing the evidence, the Court finds that the defendant was placed on probation on October 29,1979 by another Judge of this Circuit. The probation term was for five years, and was to be effective upon the defendant’s release from Federal custody in another case. While the defendant was on probation for the offense of buying and receiving or concealing stolen property knowing that it was stolen, or having good reason to believe it was stolen, the Court finds from the evidence in this case that the defendant was in possession of a stolen pick-up truck in Marion County, Alabama, and when confronted with the fact that the truck was stolen, the defendant stated that he loaned $500.00 to a former convict, and took the truck as security. He stated that he had been attempting to locate the person to whom he loaned the money, Jimmy Hollis, at the time he was arrested. He stated that he had been to Bessemer seeking the person, because the debt was overdue. If the- defendant’s statement with reference to this was correct, the Court finds that the defendant had violated the terms of his probation by associating with the person who had been formerly convicted of a crime. If his statement was not correct, the Court finds that he was in unexplained possession of stolen property.
“The Court further finds that the defendant offered to sell several pieces of farm, or heavy equipment to an undercover agent of The Alabama Bureau of Investigation who was posing as a prospective buyer. The Court further finds that the defendant offered to sell property to the undercover agent which was reported stolen in order to receive insurance payménts. All of the property offered for sale, according to the defendant would come from a different area from that in which it was to be sold. The Court further finds that the probation of this defendant should be revoked.
“This the 4th day of January. 1983.
/s/ Newton B, Powell Circuit Judge”
This record reflecting that the requirements of Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975) and authorities cited have been fully complied with, this cause is due to be and the same is hereby affirmed.
AFFIRMED.
All the Judges concur.